UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDSAY ANN DUNESKE,

    Plaintiff,

v.

                                    Case No. 24-cv-11393
                                    Honorable Linda V. Parker

STEPHANIE PRIESS,

    Defendant.
_____/

**<u>OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION FOR IN FORMA PAUPERIS STATUS, SUMMARILY DISMISSING COMPLAINT, AND ENJOINING PLAINTIFF FROM FILING FURTHER ACTIONS WITHOUT LEAVE OF COURT BY THE PRESIDING JUDGE</u>**

Plaintiff Lindsay Ann Duneske, proceeding pro se, has filed a Complaint against Defendant Stephanie Priess. (ECF No. 1.) Duneske seeks to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915. (ECF No. 2.) The Court is granting Duenske IFP status but is dismissing her Complaint for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2). And because Duneske has filed at least thirteen lawsuits in this District IFP—many asserting claims arising from a child custody dispute and several which were dismissed as frivolous—the Court is enjoining and restraining her from filing any new actions concerning the same matter in this District without first seeking and obtaining leave by the presiding judge.

Under § 1915(e)(2), a court must dismiss an IFP action if it determines that it "is frivolous or malicious . . . fails to state a claim on which relief may be granted . . . or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint "is frivolous when it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Moreover, federal courts are always "under an independent obligation to examine their own jurisdiction[.]" *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), and federal courts may not entertain actions over which they have no jurisdiction, *see Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). In fact, a federal court must dismiss an action at any time when it concludes that subject-matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3); *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1007 (6th Cir. 2009) "[W]hen a court lacks subject-matter jurisdiction over a claim, it must immediately dismiss not just that claim but any pendent state-law claims as well—no matter how late in the case the district or appellate court identifies the jurisdictional defect.").

Courts must read pro se complaints liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept a plaintiff's allegations as true, unless they are clearly irrational or wholly incredible, *Dentch v. Hernandez*, 504 U.S. 25, 33 (1992).

2

Even reading Duneske's present Complaint liberally, the Court finds it to be frivolous.

Although Duneske provides scant facts in her Complaint, it is apparent that her claims against Priess arise from the removal of Duneske's children from her custody and the award of custody to the children's father.  As discussed in the other cases Duneske has filed, those custody proceedings were conducted in state courts in Michigan and South Carolina.  *See* Op. & Order, *Duneske v. Duneske*, No. 23-cv-13140 (E.D. Mich. filed Feb. 20, 2024), ECF No. 169; Order, *Duneske v. Judge Regina Triplett, et al.*, No. 23-cv-11730 (E.D. Mich. Aug. 9, 2023), ECF No. 5.  The Court surmises that Duneske is claiming Priess made statements or took actions that supported or assisted in the removal of Duneske's children.

There is no indication in the Complaint that Priess is a state actor to support liability for constitutional violations under 42 U.S.C. § 1983.[1]  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).  It is well established that a citizen is not subject to § 1983 liability simply by providing information to law enforcement.  *Weser v. Goodson*, 965 F.3d 507, 517 (6th Cir. 2020) (holding that even deliberate lies to law enforcement do

---

[1] The conclusion that Priess is a non-state actor is further supported by the fact that Duneske has an identical action pending against Anthony Priess, who is identified as living at the same residential address as Stephanie Priess.  *See* Case No. 24-cv-11392 (E.D. Mich. filed May 23, 2024).

3

not subject a private individual to liability under § 1983); *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) ("Providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken "under color of law"); *Dressler v. Rice*, 739 F. App'x 814, 923 n.6 (6th Cir. 2018). To the extent Priess was a witness in any of the custody proceedings, she is entitled to absolute immunity. *See Brisco v. LaHue*, 460 U.S. 325, 330-31 (1983) (concluding that § 1983 does not abrogate the common law absolute immunity of all witnesses from damages liability for their testimony in judicial proceedings). Duneske's Complaint does not suggest any other basis for federal subject-matter jurisdiction. It is therefore subject to dismissal under § 1915(e)(2)(B).

As indicated, this is not Duneske's first IFP action which was dismissed under § 1915(e)(2)(B). Several prior actions have been dismissed as frivolous. *See* Op. & Order, *In re Duneske*, No. 24-mc-50365 (E.D. Mich. Apr. 22, 204), ECF No. 4; Op. & Order, *Duneske v. Duneske*, No. 23-cv-13140 (E.D. Mich. Feb. 20, 2024), ECF No. 169; Order, *Duneske v. Triplett*, No. 23-cv-11730 (E.D. Mich. Aug. 9, 2023), ECF No. 5; *see also* Order, *Duneske v. Brooks Green*, No. 23-cv-11948 (E.D. Mich. Aug. 7, 2023), ECF No. 5. Duneske has filed eight IFP actions in May 2024, alone.

Proceeding IFP "is a privilege, not a right." *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991) (citations omitted), superseded by statute on other grounds as discussed in *In re Prison Litig. Reform Act*, 105 F.3d 1131 (6th Cir. 1997); *see also Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) (citing *Weaver*); *Camp. v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (citations omitted).  The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions without first obtaining leave of court. *Feathers v. Chevron USA, Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) (citing *Filipas v. Lemons*, 690 F.2d 1145, 1146 (6th Cir. 1987)).  The Sixth Circuit expressed that it "see[s] nothing wrong . . . with an order that restrains not only an individual litigant from repeatedly filing an identical complaint, but that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category." *Id.* "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *United States ex rel. Odish v. Northrop Grumman Corp.*, 843 F. App'x 748, 750 (6th Cir. 2021) (quoting *Feathers*, 141 F.3d at 269).  While an individual may not "be absolutely foreclosed from initiating an action in a court of the United States, . . . it is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious

before permitting it to be filed." *Torpf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 940 (6th Cir. 2002) (citation omitted).

Duneske has filed numerous lawsuits in the Eastern District of Michigan related to the state courts' child custody determinations. She has unsuccessfully sued the father of the children, judges and attorneys involved in those proceedings, and law enforcement. She now seems to be pursuing private individuals who were somehow involved in the proceedings or have shared information concerning the matter. She is abusing the privilege of proceeding IFP by filing frivolous lawsuits.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis in this action is **GRANTED** but her Complaint is **SUMMARILY DISMISSED AS FRIVOLOUS** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that any appeal from this decision could not be taken in good faith and, therefore, Plaintiff may not proceed on appeal in forma pauperis. *See* 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that Plaintiff is **ENJOINED AND RESTRAINED** from filing any new action in the United States District Court for the Eastern District of Michigan that arises from or relates to the custody of her minor children without first seeking and obtaining leave of court by the presiding judge or paying the full civil case filing fee (currently $405.00). The Clerk of the

Court shall not accept any filing as a miscellaneous action to avoid this requirement. Any request to file a new action must not exceed five pages and must contain a concise explanation of the facts and legal basis for the proposed action. A copy of this Opinion and Order must be attached to the request.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 31, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 31, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager